1
2
3
4
5
6
7
8
9
10
11

Law Offices of
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Ty D. Frankel (027179)
tfrankel@bffb.com

Law Offices of
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone:  (619) 756-7748
Patricia N. Syverson (020191)
psyverson@bffb.com

12

## IN THE UNITED STATES DISTRICT COURT

13

## DISTRICT OF ARIZONA

14
15
16
17
18
19
20
21

Daniel E. Breitenfeldt, on behalf of himself
and all those similarly situated,

　　　　Plaintiff,

v.

CVS Pharmacy, Inc.; CVS RX Services
Inc.,

　　　　Defendants.

Case No.

**COLLECTIVE ACTION AND CLASS
ACTION COMPLAINT**

**[Jury Trial Demanded]**

22
23
24
25
26
27
28

　　　　Plaintiff Daniel E. Breitenfeldt ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendants CVS Pharmacy, Inc. and CVS RX Services Inc. (collectively "CVS" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Arizona wage law, A.R.S. § 23-350 *et seq.* (the "Arizona Wage Statute").

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of himself and all other similarly situated CVS employees performing duties as Pharmacists and paid on an hourly basis by Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) that they are entitled to unpaid wages, including unpaid overtime for all hours worked exceeding forty hours in a workweek, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

2.    Plaintiff further alleges, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of similarly situated CVS employees performing duties as Pharmacists and paid on an hourly basis by Defendant within the state of Arizona, that they are entitled to timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350 *et seq.*

### JURISDICTION AND VENUE

3.    The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

6.    The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

7.     At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and in the production of "goods" for "commerce" within the meaning of the FLSA.

8.     Plaintiff and the other similarly situated Pharmacists are "employees" as defined in 29 U.S.C. § 203(e)(1) and A.R.S. § 23-350(2) and are non-exempt employees and employees entitled to overtime and wages due under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350.

9.     At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350(3).

10.     At all relevant times, Defendant employed Pharmacists as non-exempt employees paid by Defendant on an hourly basis in Arizona, including Plaintiff Daniel E. Breitenfeldt.

11.     At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## PARTIES

12.     Defendant CVS Pharmacy Inc. is a for-profit corporation with a principal place of business in Woonsocket, Rhode Island.  Defendant CVS Pharmacy Inc. does business throughout Arizona including this District.

13.     Defendant CVS Rx Services Inc. is a for-profit corporation with a principal place of business in Woonsocket, Rhode Island.  Defendant CVS Rx Services Inc. does business throughout Arizona including this District.

14.     Upon information and belief, Defendants share a corporate headquarters in Woonsocket, Rhode Island.  This central corporate location develops the policies and human resources practices applicable to all of the CVS locations and employees nationwide, including the Pharmacists in Arizona.  All the Pharmacists in Arizona have their compensation policies and practices and employment directed by CVS.  For example, CVS distributes its employee handbook, payroll policies, pay statements, and wage withholdings

through its central headquarters location in Woonsocket, Rhode Island to all of the Pharmacists employed throughout Arizona.

15.    Under the FLSA and Arizona Wage Statute, Defendant CVS Pharmacy, Inc. and Defendant CVS Rx Services, Inc. are employers of the Plaintiff and Pharmacists. They are responsible for determining the method and rate of Plaintiff's payment of wages and make decisions affecting Plaintiff's hiring, training, employment, and compensation at CVS.

16.    Plaintiff Daniel E. Breitenfeldt was, at all relevant times, an individual residing in in Maricopa County, Arizona and is employed as a Pharmacist for CVS there.

17.    At all relevant times, Plaintiff Breitenfeldt was employed by CVS as a Pharmacist and he was paid as a non-exempt hourly employee at an hourly rate dependent on the amount of time he was scheduled to work. Plaintiff Breitenfeldt's Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as <u>Exhibit A</u>, opting him into this action to pursue unpaid wages under the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

18.    Plaintiff Breitenfeldt brings Count I, the FLSA unpaid overtime claim, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees of Defendant:

> All employees of CVS who performed duties as Pharmacists in Arizona during the last three years, regardless of actual title ("Off-the-Clock Collective Action Members").

19.    Plaintiff, on behalf of himself and all other similarly situated Pharmacists at CVS in Arizona during the last three years, seeks relief on a collective basis challenging Defendant's practice of failing to pay its employees overtime for all hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

20.     Plaintiff is similarly situated to the Off-the-Clock Collective Action Members because they all are subject to similar payroll policies and procedures.  Defendant requires the similarly situated Off-the-Clock Collective Action Members to work overtime but fails to pay them the overtime rate of one and one half their regular hourly rate of pay for hours worked over forty in a workweek.  The Off-the-Clock Collective Action Members are also similarly situated because they all utilize Defendant's time reporting practices and are subject to similar pay practices and job duties.

21.     Defendant's overtime practices were routine and consistent. Throughout the relevant time period over the past three years, the Off-the-Clock Collective Action Members regularly were not paid the proper overtime.

22.     Plaintiff and the Off-the-Clock Collective Action Members performed the same or similar job duties as Pharmacists. Moreover, they regularly worked more than forty hours in a workweek and were required to work off the clock without receiving proper overtime wages. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

23.     Defendant's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other non-exempt hourly employees employed by Defendant as Pharmacists.

24.     The Off-the-Clock Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty per workweek. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

25.     Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Collective Action Members and has retained counsel experienced and competent in the practice of wage and hour law and class and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings Count II, the Arizona Wage Statute unpaid wage claim, as a Rule 23 class action on behalf of himself and the following persons:

> All employees of CVS who performed duties as Pharmacists in Arizona during the last three years, regardless of actual title ("Arizona Class Members").

27.     Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

28.     Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement of a class action.  The Arizona Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are hundreds Arizona Class Members.

29.     Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members.  Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

> a.     whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute;
>
> b.     whether Defendant owes the Arizona Class Members wages in exchange for all work performed;
>
> c.     whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, statutory damages, interest, and treble damages.

30.     Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members because they have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

31.    The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

32.    A class action is appropriate for the fair and efficient adjudication of this controversy.  Defendant acted or refused to act on grounds generally applicable to the entire class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and substantially impair or impede the ability of the class members to protect their interests.  The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

33.    Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

## STATEMENT OF FACTS

34.    The Off the Clock Collective Action Members and Arizona Class Members are collectively referred to as Pharmacists.

35.    CVS is an "employer" within the meaning of the FLSA and the Arizona Wage Statute.

36.    Plaintiff was hired by CVS in March 2016 as a non-exempt employee paid on an hourly basis and has worked for CVS performing duties as a Pharmacist continuously since that time.

37.    Plaintiff worked as a staff Pharmacist from March 2016 until February 2018. On February 11, 2018, Plaintiff began working as a Pharmacist Manager.  However, at all times during his employment with CVS, regardless of his title, Plaintiff has performed duties as a Pharmacist for an hourly wage dependent on the amount of time that he worked.

At all relevant times, Plaintiff's primary duty consisted of filling prescriptions and performing other routine tasks related to working in a pharmacy.

38.    Plaintiff is currently employed as a non-exempt, hourly employee working as a Pharmacist for CVS at its Fountain Hills, Arizona location (number 09279), at which location he has worked from June 2016.  From March 2016 to June 2016, Plaintiff worked as a float Pharmacist at various locations throughout Arizona, including CVS stores in Mesa, Arizona and Scottsdale, Arizona.

39.    Plaintiff is currently paid at an hourly rate of $68.84 per hour.  When he began his employment at CVS, he earned $61 per hour.  He has received periodic increases to his hourly wage during his tenure as a Pharmacist.  During his time working as a Pharmacist Manager, he also received a non-discretionary bonus based on a mathematical formula calculated using numerical goals set by CVS in addition to an hourly wage.

40.    Plaintiff was paid an hourly wage throughout his employment by CVS regardless of whether his title was Pharmacist or Pharmacist Manager.  In both positions, he performed routine duties as a Pharmacist and was expected to conduct work off the clock despite only being paid for the hours that he was scheduled to work.

41.    During all relevant times, CVS budgeted a set number of total hours to be worked on a weekly basis by Pharmacists assigned to each store.  Those budgeted hours were divided among the Pharmacists assigned to cover each store such that each Pharmacist had a set number hours to work on a weekly basis.

42.    At all relevant times, Plaintiff's set number of hours that he was assigned to work was never greater than 40 hours per week.

43.    Plaintiff's pharmacy is open 69 hours per week.  Plaintiff is currently scheduled to work 35 of those hours and another Pharmacist is scheduled to work the other 34 hours.

44.    Plaintiff is only paid for the 35 hours he is scheduled to work, regardless of how many hours he actually spends working during a given workweek.

45.     Previously, in 2018 and 2019 Plaintiff was scheduled to work 39 hours per week performing duties as a Pharmacist.  During this time, he was only paid for the 39 hours he was scheduled to work regardless of how many hours he actually worked.  Prior to that, he was scheduled to work 40 hours and only paid for the hours he was scheduled regardless of the hours he actually worked.

46.     Plaintiff is paid by CVS every two weeks.  Plaintiff receives "base pay" paid at an hourly rate, which is then multiplied by the hours he is scheduled to work to calculate his wages paid on an hourly basis.

47.     For example, if Plaintiff is scheduled for his 35 hour workweek, he is only paid his hourly rate for those 35 hours regardless of the amount of time he works.

48.     Plaintiff is routinely required to work off the clock each week, resulting in unpaid wages and unpaid overtime.  Plaintiff's job duties require him to perform numerous tasks off the clock to complete all the job duties necessary to keep the pharmacy running as CVS expects.   For example, Plaintiff recalls having to fill prescriptions, complete paperwork, and conduct numerous other job duties for which he is not paid.

49.     As a result, on a weekly basis, Plaintiff comes in earlier than his scheduled shifts and stays beyond his scheduled shifts to help keep the heavy volume of prescriptions filled in a timely manner.  At a minimum, Plaintiff works an additional 3 hours per week in the store beyond the hours for which Plaintiff is scheduled and paid.

50.     On some occasions, Plaintiff is required to cover a shift for the other Pharmacist who works at his store.  When he covers that Pharmacist's shift, his pay is increased to cover the time he worked in addition to the regular 35 hours he is scheduled for.  In that situation, CVS pays him for the extra hours he worked, demonstrating that his pay is dependent on the amount of time he works.  Plaintiff is not paid on a salary basis.

51.     For example, for the pay period ending on June 27, 2020, Plaintiff worked an additional 6 hours (beyond his scheduled 35 hours) covering a shift for another Pharmacist. He was paid for those additional 6 hours over his regular schedule of 35 hours, resulting in him being paid for 41 hours at his regular rate of $68.84.  However, he was not paid the

proper overtime rate as a result of being scheduled to work one additional scheduled hour over 40 hours, nor was he paid for additional overtime hours for having to perform duties off the clock.

52.     As a result of Plaintiff's required off the clock work each week, he is routinely not paid overtime at the statutorily required time and a half rate to which he is entitled.

53.     CVS routinely failed to pay Plaintiff for hours beyond those he was scheduled to work, despite knowing that he was required to work off the clock to complete his duties as a Pharmacist.

54.     In addition, CVS failed to pay Plaintiff and Pharmacists the proper overtime rate.  Plaintiff earned a non-discretionary bonus as part of his compensation which should have been factored into the overtime rate he earned but was not paid.

55.     While Plaintiff's job duties frequently required him to work in excess of forty hours per workweek, he was routinely denied the overtime rate of time and a half for the overtime he worked.  CVS also routinely failed to pay Plaintiff for all the hours he worked, resulting in unpaid straight time and unpaid overtime in violation of Arizona and federal law.

56.     CVS engaged in the regular practice of failing to accurately record the time during which it suffered or permitted Plaintiff to work.  As such, Pharmacists' payroll records understate the duration of time that it suffered and permitted Plaintiff to work during each week of his employment.

57.     During the typical workweek, Plaintiff is required to work three hours off the clock.  However, he is only paid his regular hourly rate for the hours he is scheduled to work, which does not include the hours he is required to work off the clock.  Further, it is not uncommon for there to be weeks when Plaintiff is required to work as many as 10 to 15 hours off the clock.

58.     CVS's failure to pay wages is likely a result of its failure to maintain accurate records of its Pharmacists' time and payroll in violation of the FLSA, including records

1    sufficient to accurately determine the wages and hours of employment for Plaintiff and the

2    similarly situated Pharmacists.

3        59.    Plaintiff and the Pharmacists are also required to complete mandatory training

4    and attend mandatory meetings for which they are not paid, which is more work they are

5    required to complete in addition to their scheduled time working in the pharmacy.  Despite

6    being required to attend these meetings, Plaintiff and the Pharmacists are not paid for their

7    time.

8        60.    For example, Plaintiff is required to attend numerous local meetings for

9    approximately three hours each at a CVS district office in Scottsdale, Arizona.  Plaintiff is

10   required to attend "pod meetings" where CVS policies and strategy is discussed.  Plaintiff

11   attended one such meeting on September 30, 2020 for 4 hours, but he was not paid for that

12   time.

13       61.    Plaintiff and the Pharmacists are also routinely required to participate in

14   conference calls with district managers.  Plaintiff is required to attend half hour conference

15   calls three times per week, during which time the attendees discuss alignment of their teams,

16   patient care calls, and promotions like flu shot immunizations.  Plaintiff is not paid for

17   attending these mandatory conference calls.

18       62.    Plaintiff and the Pharmacists are also expected to participate in flu shot

19   clinics.  They are required to provide 6 flu shots per hour during the flu shot clinic.  If they

20   do not meet that quota, the Pharmacists are not paid for the time they are required to work

21   at the flu shot clinic.

22       63.    Defendant's policy and practice is to willfully deny its Pharmacists overtime

23   pay for hours worked beyond forty in a workweek and timely payment of wages they are

24   due.

25       64.    Defendant failed to timely pay Plaintiff and the similarly situated employees

26   all the wages they were due.  This is evident from Plaintiff's experiences and conversations

27   with other Pharmacists who were subject to the same unlawful pay practices that he was.

28

65.     The Pharmacists are subject to uniform compensation policies and practices regarding their compensation.  These policies and practices are dictated by CVS through corporate documents and policies.

66.     CVS was aware of its obligation to pay its Pharmacists all they wages they are due, including overtime, and they were aware that they did not pay the Pharmacists for work performed in addition to their paid, regularly scheduled shifts.

67.     CVS was aware that Plaintiff was working additional hours off the clock in the store for which he was not getting paid.  The Pharmacists are credentialed through a CVS computer system, and CVS would know when they are logged in and working beyond their regularly scheduled, paid shifts.  CVS was also aware that the Pharmacists were working off the clock when they are required to attend mandatory meetings and conference calls.

68.     The environment created by CVS was one in which the Pharmacists knew that they had to complete job requirements off the clock, because CVS would not approve overtime regardless of the amount of time they spent working in a given workweek.

69.     CVS's wage violations uniformly applied to the Pharmacists throughout Arizona.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

70.     Plaintiff, on behalf of himself individually and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

71.     Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the wage protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq*.

72.    At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

73.    Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

74.    Defendant was an employer pursuant to 29 U.S.C. § 203(d).

75.    Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Off-the-Clock Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

76.    The work was performed at Defendant's direction and with Defendant's knowledge.

77.    Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all wages due including time and a half for all hours accrued beyond forty hours in a workweek.

78.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

79.    As a result of CVS's willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and the Off-the-Clock Collective Action Members.  Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a.    Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly employees, regardless of actual title, who worked for Defendant as Pharmacists in Arizona

during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

        b.     Designate Plaintiff Breitenfeldt as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the-Clock Collective Action Members;

        c.     Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

        d.     Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

        e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

        f.     Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT II
### FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
**(A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

80.     Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

81.     At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

82.     Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

83.     Defendant is aware that, under A.R.S. §§ 23-350-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members.

84.    Defendant failed to timely pay Plaintiff and the Arizona Class Members wages due for hours worked without a good faith basis for withholding wages.

85.    Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members.  As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

86.    The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.    Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.    Designate Plaintiff Breitenfeldt as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

c.    Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq.*;

d.    Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## DEMAND FOR JURY TRIAL

87.    Plaintiff hereby demands a jury trial on all claims for which he may have the right to a jury.

/ / /

/ / /

/ / /

1    DATED:  October 6, 2020.

2                                        BONNETT, FAIRBOURN, FRIEDMAN
                                         & BALINT, P.C.
3
                                         s/*Ty D. Frankel*
4                                        Ty D. Frankel
                                         2325 E. Camelback Road, Suite 300
5                                        Phoenix, Arizona 85016
                                         Telephone: (602) 274-1100
6                                        Facsimile: (602) 798-5860

7                                        BONNETT, FAIRBOURN, FRIEDMAN
                                         & BALINT, P.C.
8                                        Patricia N. Syverson
                                         600 W. Broadway, Suite 900
9                                        San Diego, California 92101

10                                       Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28